# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LOUIS CAPRA, | ) |
| | ) |
| Plaintiff, | ) Case No. 11-cv-4028 |
| | ) |
| | ) Judge Sharon Johnson Coleman |
| v. | ) |
| | ) |
| COOK COUNTY BOARD OF REVIEW, | ) |
| LARRY ROGERS, JR., JOSEPH BERRIOS, | ) |
| BRENDAN F. HOULIHAN, SCOTT M. | ) |
| GUETZOW, JOHN P. SULLIVAN, | ) |
| THOMAS A. JACONETTY, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Louis Capra has filed suit against the Cook Country Board of Review (the "Board"), three commissioners of the Board, ("Rodgers", "Berrios" and "Houlihan"), the Chief Deputy Commissioner of the Board ("Guetzow") and two first assistant commissioner employees of the Board ("Sullivan" and "Jaconetty"), collectively, the "Board defendants" and together with the Board, the "Defendants"). The purpose of the Board is to hear appeals of property tax valuations made by the Cook County Assessor. Plaintiff claims that the Board defendants revoked his property tax reduction without providing him due process and in violation of a number of constitutional provisions.

Defendants have moved to dismiss plaintiff's complaint in its entirety. The Court grants defendants' motion to dismiss.

1

## BACKGROUND

Plaintiff is a resident and owner of real property in Cook County, IL. Compl. ¶ 6. The Board is a government office of Cook County that considers appeals of real estate valuations made by the Cook County Assessor for property tax purposes. *Id*. ¶ 11. In 2007, plaintiff appeared before the Board to appeal an advised assessment that had been made on his property. *Id*. ¶ 17. In response, the Board lowered the property's valuation such that plaintiff would save over $45,000 per year. *Id*.

In 2009, the news media ran reports that Representative Paul Froehlich, a member of the Illinois General Assembly, held "undue influence" at the Board. *Id*. ¶ 18. Specifically, the reports suggested that in exchange for campaign contributions, Representative Froehlich would promise constituents a reduction in their property taxes.

Plaintiff alleges that in response to the media reports and for "the appearance of clean hands", the Board required plaintiff to appear in June 2009 to ostensibly discuss his 2007 property assessment. *Id*. ¶ 20, 26. Instead of discussing the valuation assessment of plaintiff's property, the Board focused the hearing on plaintiff's relationship with Representative Froehlich. *Id*. ¶ 26. Following the hearing, although plaintiff testified that he did not know Representative Froehlich nor had he engaged in any illegal or improper behavior with him, the Board defendants "arbitrarily rescinded [plaintiff's] reduction in property taxes that it itself granted close to one year prior . . . . simply stating, 'we can do anything we want.'" *Id*. ¶ 21, 32. Plaintiff contends that his new property assessment did not accurately reflect the property's actual value, as evidenced by the fact that one year prior the Board found that the property was worth significantly less. *Id*. ¶ 37. Additionally, plaintiff asserts that Chief Deputy Commissioner Guetzow explained that

the plaintiff's revocation occurred based upon a "larger issue between the relationship between the people involved." *Id*. ¶ 33. Plaintiff has interpreted this statement to mean that his property tax reduction was revoked based upon the Board's mistaken belief that he had a suspicious relationship with Representative Froehlich. *Id*. ¶ 35, 36.

In response to the revocation, plaintiff appealed the Board's decision with the Illinois Property Tax Appeal Board ("PTAB"). *Id*. However, the PTAB has not yet rendered a decision regarding plaintiff's property valuation and plaintiff contends that the PTAB will not do so for an "unconscionably long time, if ever" because the Board has already "red-flagged plaintiff's case with the PTAB." Plaintiff further contends that the PTAB may take as long as seven or eight years to resolve this issue and it may take another two to four years for plaintiff to recoup the money he has lost as a result of the inaccurate increase of his property taxes. *Id*. ¶ 46. Lastly, plaintiff further alleges that the Board defendants are "powerful members of the Cook County Democratic Party and exert political influence over the State judiciary." *Id*. ¶ 47. Therefore, the plaintiff "cannot expect justice in this matter in Circuit Court because there are inherent conflicts of interests between many members of the State judiciary and at least two [d]efendants." *Id*. As a result, plaintiff contends that he has "no plain, adequate and complete state remedy in this matter." *Id*. ¶ 55.

Consequently, plaintiff brings forth claims in federal court under 42 U.S.C. § 1983 against the Board and the Board defendants in their individual capacities for violation of the Equal Protection and Due Process Clauses of the Fifth and Fourteenth Amendment (Counts 1 and 2) and violation of the First Amendment (Count III). Defendants have moved to dismiss all claims.

**DISCUSSION**

Initially, plaintiff has acknowledged that he has no viable Fifth Amendment Due Process claim and that he has not sufficiently pled a First Amendment claim. He has also clarified that he is not seeking punitive damages from the Board. Therefore, plaintiff's § 1983 claims based upon the First and Fifth Amendments are dismissed.

The defendants have moved to dismiss all the remaining claims against the individual Board defendants on the grounds that the individual board members qualify for absolute and/or qualified immunity. They also contend that the plaintiff has failed to state a claim for violation of his equal protection or due process rights. Lastly, because defendants believe that plaintiff has failed to state any claims against the individual Board defendants, defendants argue that all claims against the Board should be dismissed as well. When considering a motion to dismiss, well-pleaded facts in the complaint are accepted as true and any ambiguities are resolved in favor of the plaintiff. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The Court will address each of the defendants' arguments in turn.

**A. Absolute and Qualified Immunity**

Defendants contend that all claims against the individual Board defendants should be barred by absolute immunity. Absolute immunity is a defense that immunizes certain individuals from lawsuits "to free the *judicial* process from [. . .] harassment and intimidation" associated with litigation. *Burns v. Reed*, 500 U.S. 478, 479 (1991) (emphasis in the original). When determining whether an official is entitled to absolute immunity, courts apply a functional approach. *Heyde v. Pittenger*, 633 F.3d 512, 517 (7th Cir. 2010). In other words, courts look to the nature of the function performed by an

official and not just their title or identity to determine whether the official is entitled to absolute immunity protection. *Id*. Consequently, absolute immunity is not limited to judges or prosecutors, but has been granted to protect members of quasi-judicial adjudicatory bodies who function similarly to traditional judges, but fall outside of the judicial branch. *Id*.

For example, in *Heyde*, the plaintiff brought a § 1983 claim against members of the Tazewell County Board of Review in their individual capacities in connection with the Tazewell County Board's decision to increase the plaintiff's property tax assessment. *Id*., at 514. The individual Tazewell County Board defendants moved to dismiss all claims against them by arguing that they were entitled to absolute immunity. *Id*. The district court granted defendants' motion and the Seventh Circuit affirmed reasoning that because the plaintiff received notice and a hearing before the Tazewell Board to contest his assessment as well as opportunity to appeal the Tazewell Board's decision, the Tazewell Board functioned in a quasi-judicial manner. Therefore, the board members were entitled to absolute immunity.

Here, the Board defendants are entitled to the same immunity. As in *Heyde*, the plaintiff here has brought claims against certain individual members and employees of the Board for setting his property assessment at a disproportionately high level. Plaintiff received notice of his advised assessment, appeared before the Board to petition his property valuation and has appealed the Board's decision. Thus, similar to the Tazewell Board in *Heyde*, the Board functions as a quasi-judicial adjudicatory body which makes absolute immunity an available defense for the individual Board defendants. Accordingly, all claims against the Board defendants in their individual capacities are

dismissed. Having found that the Board defendants are entitled to absolute immunity, the Court need not decide whether the defendants should also receive qualified immunity from plaintiff's § 1983 claims.

### B. Failure to State a Claim

The defendants also contend that plaintiff has failed to state a valid claim for violation of his equal protection and due process rights under the Fourteenth Amendment. To state a valid claim under 42 U.S.C. § 1983, "[a] plaintiff must allege that a government official, acting under color of state law, deprived [him] of a right secured by the Constitution or laws of the United States." *Estate of Sims ex rel. Sims v. County of Bureau*, 506 F.3d 509, 514 (7th Cir. 2007). Conversely, dismissal of the complaint is proper if the plaintiff fails to set forth enough facts to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

#### 1. Equal Protection Claim

The Equal Protection Clause of the Fourteenth Amendment provides that "no State shall deny to any persons within its jurisdiction the equal protection of the laws." U.S. Const. Amend XIV, § 1. Traditionally, the Equal Protection Clause is understood to protect members of vulnerable groups from unequal treatment committed by the state. *Bell v. Duperrault*, 367 F.3d 703, 707 (7th Cir. 2004). The clause also prohibits state action in a so called "class of one." To state an equal protection claim under a "class of one" theory, the plaintiff must allege that he has been "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Engquist v. Oregon Dep't Agric*. 553 U.S. 591, 601-02 (2008). To be

considered "similarly situated" a plaintiff and his person of comparison must be "identical or directly comparable in all material respects." *Reget v. City of LaCrosse,* 595 F,3d 691, 695 (7th Cir. 2010).

Here, plaintiff has failed to allege that any similarly situated individuals exist that have been treated differently by the Board. In his complaint, plaintiff alleges that the Board, motivated by the mistaken assumption that plaintiff is affiliated with Representative Froehlich, arbitrarily increased the valuation of his property. Determining whether a property's valuation is correct involves a consideration of a number of factors including, but not limited to, the property's condition, vacancy rates, rental rate, income and expense information and applicable contracts or leases. Nowhere in the complaint does plaintiff identify any constituents with property similar to his own, (as related to the aforementioned factors), that received a lower valuation. Instead, plaintiff speculates that, because the Board originally lowered the value of his property, then subsequently raised it one year later, he has been treated differently from other constituents. Mere speculation, however, falls short of stating a plausible claim for equal protection. Further, the equal protection clause has no application where the plaintiff is seeking a reinstatement of a more favorable property valuation as opposed to a restoration of equality. Because plaintiff has failed to plead facts suggesting that he was treated differently from similarly situated property owners, he has failed to make out a claim for violation of his equal protection rights.

    **2.    Due Process Claim**

While it is unclear whether plaintiff has brought forth a procedural or substantive due process claim, defendants seek to dismiss plaintiff's claim for a violation of due

7

process claim in either form. In his amended complaint, plaintiff sets forth a procedural due process claim based on the defendants' refusal to hear plaintiff's appeal of his revised assessment. To state a claim for the deprivation of a property interest without due process "a plaintiff must demonstrate that (1) he had a constitutionally protected property interest, (2) he suffered a loss of that interest amounting to a deprivation and (3) the deprivation occurred without due process." *Moss v. Martin*, 473 F.3d 694, 700 (7th Cir. 2007).

First, defendants object to plaintiff's due process violation arguing that plaintiff has failed to establish that he has a constitutionally protected property interest and has failed to demonstrate the fundamental unfairness of the state procedures available to him. In his complaint, plaintiff has alleged that the state officials in question have engaged in misconduct by unfairly and arbitrarily increasing his property valuation assessment in retaliation for his presumed association with Representative Froehlich. As was recently decided in this District, plaintiffs have a constitutionally protected property interest in a correct property tax assessment. *Satkar v. Cook County Board of Review* 10 c 6682, 2011 WL 2011486, at *7 (N.D. Ill. May 20, 2011). Therefore, plaintiff has met the first element for a due process claim.

Second, plaintiff has alleged that the incorrect property assessment has resulted in significant monetary loss. Plaintiff has sufficiently met the second element for a due process violation.

Third, plaintiff also alleges that has been deprived his right to an accurate property tax evaluation and consequently suffered monetary losses without due process. Because plaintiff's allegations against the Board constitute "random and unauthorized"

acts and because this misconduct is inherently unpredictable, "it is the state's obligation under the Due Process Clause to provide the plaintiff with sufficient remedies after its occurrence rather than to prevent its occurrence from happening altogether." *Michalowicz*, 528 F.3d 530, 534 (7th Cir. 2008). Therefore, under the Due Process Clause a plaintiff must either avail himself of the remedies provided by state law or demonstrate that the available remedies are fundamentally unfair.

In this case, plaintiff alleges that the state remedies provided are fundamentally unfair. Specifically, plaintiff states that he has not been provided an opportunity for appeal of the Board's revocation because "the PTAB will not render any decision for an unconscionably long time, if ever." Plaintiff contends that he faces this burdensome delay because the Board has "red-flagged" his appeal. Plaintiff also claims that "Commissioners of the Board are powerful members of the Cook County Democratic Party and exert powerful influence over the State judiciary" and he "cannot expect justice in this matter in Circuit Court because there are inherent conflicts of interests between many members of the State judiciary and at least two of the defendants." Defendants reject plaintiff's allegations and assert that the PTAB decision will not take an unconscionable amount of time, the PTAB will not give undue influence to the Board's decision and plaintiff will receive a fair adjudication in state court and will be afforded the protection of recusal of any judge if it is deemed necessary.

This Court acknowledges that there are over 400 judges that preside in the Cook County Circuit Court System. These judges have ascended to their offices in a variety of paths, some of which include election or appointment. Thus, the Court is skeptical of plaintiff's claims that a "conflict of interest" will cause most of these judges to have

difficulty remaining impartial towards plaintiff's case. While, at the motion to dismiss stage, the Court must accept the allegations of the non-moving party as true, a plaintiff must also present to the Court factual allegations that raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 555-56. Plaintiff has failed to allege sufficient facts that bolster his speculative claim that the procedures afforded to him are fundamentally unfair. Plaintiff currently has an appeal before the PTAB which will be reviewed *de novo* and, upon a decision being rendered, will have the opportunity to challenge that decision before the Circuit Court, during which he would have the right to seek recusal of any state court judge he felt was biased against him. The Court does not find that there is anything fundamentally unfair about this procedure. Therefore, plaintiff's due process rights have not been violated.

In his response to defendants' motion to dismiss, plaintiff attempts to clarify that his due process claim is instead substantive in nature. To prevail on a substantive due process claim involving deprivation of a property interest, plaintiff must prove that an independent constitutional violation exists or that state law remedies are inadequate. *Gable v. City of Chicago*, 296 F.3d 531, 541 (7th Cir. 2002). In light of the Court's conclusion that plaintiff failed to establish a "class of one" equal protection claim, and because plaintiff has voluntarily dismissed his First Amendment claim, plaintiff has failed to establish an independent constitutional violation from which to base his substantive due process claim. Further, for the reasons stated above, namely that plaintiff has failed to plead beyond a speculative level, that the state law remedies available to him are unfair or inadequate; plaintiff has also failed to set forth a claim alleging a violation of his substantive due process rights. Accordingly, defendants' motion to

dismiss is granted with respect to plaintiff's procedural and substantive due process claims.

C.     **Derivative Liability**

Lastly, defendants argue that plaintiff's § 1983 claims against the Board are derivative in nature and must be dismissed if the plaintiff fails to state an underlying constitutional violation against the individual defendants. Because municipalities are not entitled to immunity under § 1983, upon sufficiently pleading an underlying constitutional violation, the Board still could be held liable under § 1983, even though the individual defendants are protected by absolute immunity from individual liability. *Hernandez v. Sheahan*, 455 F.3d 772, 776 (7th Cir. 2006); *Owen v. City of Independence, MO*, 445 U.S. 622, 638, 100 S.Ct. 1398, 1409 (1980). Here, however, plaintiff has failed to sufficiently allege any of his constitutional rights have been violated. Thus defendants' motion to dismiss claims against the Board is granted.

## CONCLUSION

For the foregoing reasons, this Court grants the motion by Defendants Cook County Board of Review, Larry Rogers, Jr., Joseph Berrios, Brendan F. Houlihan, Scott M. Guetzow, John P. Sullivan and Thomas A. Jaconetty. Specifically, the court dismisses plaintiff's claims against all individual Board defendants with prejudice. Additionally, plaintiff's First and Fifth Amendment claims are dismissed with prejudice. Plaintiff's equal protection and due process claims are dismissed without prejudice.

IT IS SO ORDERED.
May 30, 2012

Dated

Hon. Sharon Johnson Coleman
United States District Court